1  Richard Johnston - SBN 124524
   131-A Stony Circle, Suite 500
2  Santa Rosa, California 95401
   Telephone (707) 577-7422
3  Facsimile (707) 837-9532

4
   Attorney for Plaintiff
5  Kim Rivers

6
                    **UNITED STATES DISTRICT COURT**
7
                    **NORTHERN DISTRICT OF CALIFORNIA**
8

9  KIM RIVERS,                              )  Case No.
                                            )
10           Plaintiff,                      )  **COMPLAINT**
                                            )
11       vs.                                 )
                                            )
12  AON CORPORATION LONG TERM                )
   DISABILITY PLAN, PRUDENTIAL INSURANCE    )
13  COMPANY OF AMERICA                       )
                                            )
14           Defendants.                     )
   _____ )
15

16

17       Plaintiff alleges:

18

19                    **Jurisdiction and Venue**

20       **1.**     This action arises under the Employee Retirement Income Security Act of 1974,

21  29 USC §1001 *et seq.* (ERISA) and more particularly 29 USC §§1132(a)(1)(B), 1132(a)(3),

22  and 1132(g).  This court has jurisdiction in this matter under 29 USC §1132(e) and 28 USC

23  §1367(a).  Venue is proper in this district because one or more of the named defendants

24  resides or may be found within the district.

25  //

26  //

27  //

28
   _____
   COMPLAINT

**Factual Background**

2.    Ms. Rivers, at relevant times, was an employee of AON Corporation.  As a function of this employment, Ms. Rivers was and is a qualified participant in and beneficiary of defendant AON Corporation Long Term Disability Plan ("the Plan"), which was established and maintained by AON for and on behalf of certain of its employees.  The Plan was funded through the purchase by AON of a group long term disability insurance policy issued by defendant Prudential Insurance Company of America; the policy is referred to herein as the "Prudential policy."  In addition to issuing the policy, Prudential also acted as claims fiduciary for the Plan.  The Plan was and is an employee benefit plan as defined by 29 USC §1002(3).

3.    Ms. Rivers currently suffers, and has suffered at relevant times, from serious and disabling illness and/or injuries and the psychological sequella thereof.  Her condition has rendered her disabled according to the terms of the Prudential policy and thereby eligible for benefits under the Plan.

4.    In late 2002, Ms. Rivers submitted to Prudential, in accordance with the terms of the Prudential policy and the Plan, a valid and payable claim for disability insurance benefits.

5.    Prudential initially approved benefits for Ms. Rivers' disability, and commenced paying benefits under the Prudential policy.  In September 2006, however, Prudential wrongfully terminated payment of benefits to Ms. Rivers.  The termination of benefits was improper, unlawful, and contrary to the evidence contained within the materials assembled by or otherwise available to Prudential.

6.    In November 2006, pursuant to the terms of the Plan and the Prudential policy, Ms. Rivers undertook an administrative appeal of Prudential's wrongful termination of her disability benefits.

**7.** Prudential's decision on Ms. Rivers' administrative appeal was issued on March 13, 2007. In this letter, Prudential advised that it was upholding the termination of Ms. Rivers' disability insurance benefits; this determination was improper, unlawful, and contrary to the evidence contained within the materials assembled by or otherwise available to Prudential.

**8.** On September 7, 2007, Ms. Rivers' counsel, in accordance with the terms of the Prudential policy and the Plan, submitted to Prudential on Ms. Rivers' behalf a second appeal of the termination of Ms. Rivers' disability insurance benefits.

**9.** Prudential's decision on the second administrative appeal was issued on November 26, 2007. In this letter, Prudential advised that it was again upholding the termination of Ms. Rivers' disability insurance benefits; this determination too was improper, unlawful, and contrary to the evidence contained within the materials assembled by or otherwise available to Prudential.

**10.** Ms. Rivers has exhausted all administrative remedies available to her under the terms of the Plan and the Prudential policy, to no avail, in that Prudential has persisted in its improper denial of benefits to Ms. Rivers.

**First Cause of Action**
**Against Prudential and the Plan**
**To Recover Benefits Due Under an ERISA Plan**
**Pursuant to 29 USC §1132(a)(1)(B)**
**and Attorney Fees and Costs Pursuant to 29 USC §1132(g)**

**11.** Ms. Rivers refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this cause of action.

**12.** As a direct and proximate result of the improper acts and/or omissions herein alleged, Ms. Rivers has had benefits wrongfully withheld from her under the terms of the

Prudential policy and the Plan.

13.    As a direct and proximate result of the improper acts and/or omissions herein alleged, Ms. Rivers has been compelled to incur reasonable attorney fees and other costs associated with the investigation of this claim and the prosecution of this action.

**Second Cause of Action**
**Against Prudential**
**For Equitable and Injunctive Relief Pursuant to 29 USC §1132(a)(3),**
**And Attorney Fees and Costs Pursuant to 29 USC §1132(g)**

14.    Ms. Rivers refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this cause of action.

15.    In the course of processing and adjudicating Ms. Rivers' claim for benefits, Prudential committed the following acts and omissions:

- Prudential failed to take into account many points asserted by or on behalf of Ms. Rivers in conducting its reviews of administrative appeals as alleged above, including the complete and utter failure to consider, evaluate, or provide any response to, the many legal points asserted on Ms. Rivers' behalf to the effect that Prudential's conduct was unlawful;

- Prudential consulted with Terry Troutt, M.D., in connection with Ms. Rivers' first administrative appeal from the termination of her benefits, and then consulted again with Dr. Troutt in connection with her second administrative appeal;

- Prudential imposed conditions and standards on Ms. Rivers' claim which were not contained in the Prudential policy, the summary plan description, or any other document or instrument under which the Plan was operated.

16.    Accordingly, Prudential's conduct was in violation of ERISA and the terms of the Plan in the following respects among others:

- Prudential failed to take into account all comments, documents, records, and other information submitted by or on behalf of Ms. Rivers relating to the claim;

- Prudential failed to ensure that the physician with whom Prudential consulted on administrative appeal was an individual who was neither an individual who was consulted in connection with the adverse benefit determination that was the subject of the appeal, nor the subordinate of any such individual;

1  • Prudential failed to process and adjudicate Ms. Rivers' claim in accordance with the
2     documents and instruments governing the Plan.

3  **17.** As a direct and proximate result of Prudential's violations of ERISA and the

4  terms of the Plan as herein alleged, Ms. Rivers has been compelled to incur reasonable

5  attorney fees and other costs associated with the investigation of this claim and the

6  prosecution of this action.

7

8

9                          **Third Cause of Action**
                              **Against Prudential**
10                    **For Breach of Fiduciary Duties and**
                    **Imposition of Equitable Surcharge**
11                    **Pursuant to 29 USC §1132(a)(3)**
              **And Attorney Fees and Costs Pursuant to 29 USC §1132(g)**
12

13  **18.** Ms. Rivers refers to each and every foregoing paragraph of this complaint and

14  incorporates those paragraphs as though set forth in full in this cause of action.

15

16  **19.** In its capacity as claims fiduciary, Prudential owed to Ms. Rivers certain fiduciary

17  duties, among them that Prudential discharge its duties:

18  • for the exclusive purposes of providing benefits to participants and beneficiaries and
      defraying reasonable expenses of administering the Plan;
19  • with the care, skill and diligence under the circumstances that a prudent man acting in a
      like capacity and familiar with such matters would use in the conduct of an enterprise of a
20    like character and with like aims;
    • and in accordance with the documents and instruments governing the Plan.
21

22  **20.** Prudential's acts and omissions as alleged herein constitute one or more

23  breaches of fiduciary duties it owed to Ms. Rivers.

24

25  **21.** As a direct and proximate result of Prudential's breach of its fiduciary duties as

26  herein alleged, Ms. Rivers has incurred consequential financial losses and Prudential has

27  realized gains, meriting the imposition of an equitable surcharge against Prudential.

28

_____

**WHEREFORE,** Ms. Rivers pray for judgment as follows:

AS TO THE FIRST CAUSE OF ACTION:

**1.**    An award of all LTD benefits wrongfully withheld, with pre-judgment and post-judgment interest thereon.

**2.**    An award of attorney fees and costs of suit as authorized by statute.

**3.**    For such other and further relief as the court may deem proper.

AS TO THE SECOND CAUSE OF ACTION:

**4.**    Preliminary and permanent injunctive relief ordering Prudential to comply with ERISA and the terms of any ERISA plans it may administer in the following respects, subject to any conditions, qualifications or provisos that may please the court:

- That henceforth Prudential shall, in connection with administrative appeals of adverse benefit determinations and any subsequent appeals thereon, take into account all comments, documents, records, and other information submitted by or on behalf of the claimant relating to the claim.
- That henceforth Prudential shall, in connection with administrative appeals of adverse benefit determinations and any subsequent appeals therefrom, ensure that any physician with whom Prudential consults is an individual who was neither an individual who was consulted previously with regard to the claim or any previous administrative appeal thereon, nor the subordinate of any such individual.
- That henceforth Prudential shall process and adjudicate claims in accordance with the documents and instruments governing the Plan in question and according to law.

**5.**    An award of attorney fees and costs of suit as authorized by statute.

**6.**    For such other and further relief as the court may deem proper.

AS TO THE THIRD CAUSE OF ACTION:

**7.**    Imposition of an equitable surcharge, payable to Ms. Rivers, against Prudential's account, in an amount sufficient to fully compensate her for the consequences of Prudential's breach measured by financial loss to Ms. Rivers and gain realized by Prudential.

**8.**    An award of attorney fees and costs of suit as authorized by statute.

**9.**    For such other and further relief as the court may deem proper.

Dated: April 30, 2008

_____
Richard Johnston
Attorney for Plaintiff
Kim Rivers