Robert J. McKennon (123176), rmckennon@barwol.com
Sara A. Maunder (238104), smaunder@barwol.com
BARGER & WOLEN LLP
19800 MacArthur Boulevard, 8th Floor
Irvine, California 92612
Telephone: (949) 757-2800
Facsimile: (949) 752-6313

Attorneys for Defendants
The Prudential Insurance Company of America
and Aon Corporation Long Term Disability Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RIVERS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AON CORPORATION LONG TERM DISABILITY PLAN, PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendants. | CASE NO.: CV 08-2298 MMC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br>Complaint Filed: May 2, 2008 |

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

k:\office4\40694\008\08pleadings\01 answer.doc

Defendants The Prudential Insurance Company of America ("Prudential") and Aon Corporation Long Term Disability Plan (the "Plan") (collectively, "Defendants"), for themselves and no others, in response to the allegations of Plaintiff Kim Rivers' ("Plaintiff") Complaint on file herein, admit, deny and allege as follows:

1. Referring to the allegations contained in paragraph 1 of the Complaint, Defendants state that they relate to legal issues to which no response is necessary.

2. Referring to the allegations contained in paragraph 2 of the Complaint, Defendants admit that, at one time, Plaintiff was employed by Aon Corporation and was a participant of the Plan, which is an employee benefit plan. Defendants further admit that Prudential issued a group policy of insurance to Aon Corporation that funds the disability benefits payable under the Plan. Except as so admitted, Defendants deny the allegations in this paragraph.

3. Referring to the allegations contained in paragraph 3 of the Complaint, Defendants deny.

4. Referring to the allegations contained in paragraph 4 of the Complaint, Defendants admit that Plaintiff made a claim for disability benefits under the Plan. Except as so admitted, Defendants deny the allegations in this paragraph.

5. Referring to the allegations contained in paragraph 5 of the Complaint, Defendants admit that Plaintiff became eligible for and was paid disability benefits and that those benefits were terminated. Except as so admitted, Defendants deny the allegations in this paragraph.

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

6. Referring to the allegations contained in paragraph 6 of the Complaint, Defendants admit that Plaintiff appealed its termination-of-benefits decision. Except as so admitted, Defendants deny the allegations in this paragraph.

7. Referring to the allegations contained in paragraph 7 of the Complaint, Defendants admit that Prudential denied continuing payment of disability benefits to Plaintiff on the basis of the reasons set forth in Prudential's denial letter. Except as so admitted, Defendants deny the allegations in this paragraph.

8. Referring to the allegations contained in paragraph 8 of the Complaint, Defendants admit that Plaintiff appealed its termination-of-benefits decision. Except as so admitted, Defendants deny the allegations in this paragraph.

9. Referring to the allegations contained in paragraph 9 of the Complaint, Defendants admit that Prudential denied continuing payment of disability benefits to Plaintiff on the basis of the reasons set forth in Prudential's denial letter. Except as so admitted, Defendants deny the allegations in this paragraph.

10. Referring to the allegations contained in paragraph 10 of the Complaint, Defendants admit that Plaintiff has exhausted his administrative remedies. Except as so admitted, Defendants deny the allegations in this paragraph.

11. Referring to the allegations contained in paragraph 11 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 10, inclusive.

12. Referring to the allegations contained in paragraph 12 of the Complaint, Defendants deny.

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

13.  Referring to the allegations contained in paragraph 13 of the Complaint, Defendants deny.

14.  Referring to the allegations contained in paragraph 14 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 13, inclusive.

15.  Referring to the allegations contained in paragraph 15 of the Complaint, Defendants deny.

16.  Referring to the allegations contained in paragraph 16 of the Complaint, Defendants deny.

17.  Referring to the allegations contained in paragraph 17 of the Complaint, Defendants deny.

18.  Referring to the allegations contained in paragraph 18 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 17, inclusive.

19.  Referring to the allegations contained in paragraph 19 of the Complaint, Defendants deny.

20.  Referring to the allegations contained in paragraph 20 of the Complaint, Defendants deny.

21.  Referring to the allegations contained in paragraph 21 of the Complaint, Defendants deny.

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

## FIRST DEFENSE

### (Failure to State a Claim for Relief)

1. As a first, separate defense to all claims for relief alleged in the Complaint, Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Offsets)

2. As a second, separate defense to all claims for relief alleged in the Complaint, Defendants allege that to the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Plan, such recovery is subject to offsets under the terms of the Plan.

## THIRD DEFENSE

### (Non-Occurrence of Condition Precedent)

3. As a third, separate defense to all claims for relief alleged in the Complaint, Defendants allege that, while they have acted in accordance with the terms of the Plan, no conditions have occurred that would trigger indemnity by Defendants for any loss allegedly suffered by Plaintiff.

## FOURTH DEFENSE

### (Failure to Mitigate)

4. As a fourth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff has failed, refused and/or neglected to take reasonable, necessary or any steps whatsoever to mitigate any damages allegedly incurred as a result of Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

5. As a fifth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff failed to meet or perform all necessary covenants, conditions and promises required by her to be performed in accordance with the terms and conditions of the Plan.

## SIXTH DEFENSE

### (Requirements for Attorneys' Fees Not Met)

6. As a sixth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff's claim does not meet the requirements for recovery of additional benefits as set forth in *Hummell v. Rykoff*, 634 F. 2d 446 (9th Cir. 1980); therefore, she is not entitled to the recovery of attorneys' fees against Defendants.

## SEVENTH DEFENSE

### (Future Benefits Not Guaranteed)

7. As a seventh, separate defense to all claims for relief alleged in the Complaint, Defendants allege that to the extent (and without admitting that) Plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that she is entitled to unlimited future benefits given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions and/or limitations.

## EIGHTH DEFENSE

### (Actions Were Reasonable)

8. As an eighth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that their determinations regarding Plaintiff's claim for

benefits were neither arbitrary nor capricious, but rather were rational and reasonable based on the evidence submitted by Plaintiff and comprising the Administrative Record, were made in good faith and were a lawful exercise of sound discretion.

### NINTH DEFENSE
#### (Actions Were in Accordance With the Plan)

9. As a ninth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that their determinations with respect to Plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the Plan.

### TENTH DEFENSE
#### (Waiver)

10. As a tenth, separate defense to the Complaint, Defendants allege that Plaintiff has waived her right, if any, to the relief requested.

### ELEVENTH DEFENSE
#### (ERISA's Exclusive Remedial Scheme and Preemption)

11. As an eleventh, separate defense to all claims for relief alleged in the Complaint, Plaintiff's exclusive remedy is that set forth in 29 U.S.C. § 1132(a)(1)(B). Plaintiff is not entitled to any extra-contractual, injunctive or equitable relief sought in the Complaint, which are all preempted by ERISA.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff be granted no relief in this action;

2. That Judgment be entered against Plaintiff and in favor of Defendants;

3. For costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by case or statutory authorities and/or agreement of the parties; and

4. For such other and further relief as this Court may deem just and proper.

DATED: June 2, 2008                    BARGER & WOLEN LLP


By: /s/ Sara A. Maunder
ROBERT J. MCKENNON
SARA A. MAUNDER
Attorneys for Defendants
The Prudential Insurance Company
of America and Aon Corporation
Long Term Disability Plan

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 19800 MacArthur Boulevard, Suite 800, Irvine, California 92612-2427.

On **June 2, 2008**, I served the foregoing document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by causing it to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document on individual(s) listed below:

[ ]   **BY FACSIMILE:** By transmitting an accurate copy via facsimile to the person and facsimile number stated above.

Richard Johnston                                    Attorneys for Plaintiff
131-A Stony Circle, Suite 500                       Kim Rivers
Santa Rosa, California 95401
Telephone: (707) 577-7422
Facsimile: (707) 837-9532

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Irvine, California on **June 2, 2008**.

NAME: Derek Sutter                                  _____
                                                    (Signature)