Robert J. McKennon (123176), rmckennon@barwol.com
Sara A. Maunder (238104), smaunder@barwol.com
BARGER & WOLEN LLP
19800 MacArthur Boulevard, 8th Floor
Irvine, California 92612
Telephone: (949) 757-2800
Facsimile: (949) 752-6313

Attorneys for Defendants
The Prudential Insurance Company of America
and Aon Corporation Long Term Disability Plan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RIVERS,<br><br>    Plaintiff,<br><br>vs.<br><br>AON CORPORATION LONG TERM DISABILITY PLAN, PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | CASE NO.: CV 08-2298 MMC<br><br>**JOINT REPORT PURSUANT TO FRCP 26(f)**<br><br>Scheduling Conference:<br><br>DATE: August 22, 2008<br>TIME: 10:30 a.m.<br>CTRM: 7<br><br>Complaint Filed: February 1, 2008 |

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

k:\office4\40694\008\08pleadings\04 joint report.doc

TO THE HONORABLE MAXINE M. CHESNEY AND HER COURT CLERK:

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Defendants Prudential Insurance Company of America ("Prudential") and The Aon Corporation Long Term Disability Plan (the "Plan") (collectively "Defendants") and Plaintiff Kim Rivers ("Plaintiff" or "Rivers") by and through their respective counsel, submit this Joint Case Management Statement.

Counsel for the parties participated in the meeting of counsel pursuant to FRCP 26(f). Rivers was represented by Richard Johnston. Defendants were represented by Sara A. Maunder of Barger & Wolen LLP.

## SUMMARY OF THE CASE AND OF CLAIMS AND DEFENSES

1. Basis of Subject Matter Jurisdiction

This action is brought pursuant to 29 U.S.C. Sections 1132(a), (e) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as Rivers seeks long-term disability benefits under an employee welfare benefit plan regulated and governed by ERISA.

This action arises out of the termination of long-term disability benefits to Rivers under the Plan, established pursuant to ERISA by Aon Corporation. Rivers was an employee of Aon Corporation and a participant in the Plan. Rivers submitted a claim for benefits under the Plan, claiming to be disabled from performing the duties of her occupation as a branch manager as of October 25, 2002 due to back, shoulder and hip pain. Prudential approved Rivers' claim and paid her benefits through September 20, 2006, at which time, based upon its review of the medical and vocational information, Prudential terminated River's claim on the ground that she no

longer met the Plan's definition of disability. Rivers subsequently appealed Prudential's decision, and, after a further review, Prudential upheld its decision.

Rivers brings this instant action against Defendants, contending that she is and was disabled under the Plan and is entitled to further benefits. Defendants deny that any further benefits under the Plan are owed to Rivers.

## KEY LEGAL ISSUES

1. Whether the Court should utilize the abuse of discretion or *de novo* standard of review in determining whether Prudential's decision to terminate Rivers' long-term disability benefits was proper.

2. The evidence the Court must consider and weigh under the Supreme Court's decision in *Metropolitan Life Insurance Co. v. Glenn*, 554 U. S. ___, 128 S.Ct. 2343 (Slip Op. June 19, 2008) 2008 WL 2444796, June 19, 2008.

3. Whether Rivers is entitled to disability benefits under the terms of the Plans.

4. Whether, if Rivers prevails on the issue of disability benefits, the amount of monthly benefits should be reduced by Rivers' receipt of certain other income benefits as the Plans provide.

5. Whether any party is entitled to recover attorneys' fees.

6.    Whether Prudential is judicially estopped to deny Ms. Rivers' disability by virtue of representations made by Allsup to the Social Security Administration on Ms. Rivers' behalf.

## MOTIONS

The parties anticipate this matter may be resolved via cross-motions for summary judgment or summary adjudication of issues under Rule 56 of the Federal Rules of Civil Procedure, or alternatively via cross-motions for judgment pursuant to Rule 52. In addition, should it please the court Ms. Rivers intends to pursue an early dispositive motion based on judicial estopped principles. There may also be discovery motions related to requests to be made by plaintiff.

## AMENDMENTS OF PLEADINGS

The parties do not anticipate adding or dismissing any parties, claims, or defenses, or otherwise amending the pleadings absent some change in controlling law.

## EVIDENCE PRESERVATION

The parties have not destroyed, and will not destroy, relevant evidence.

## DISCLOSURES

**Initial Disclosures - FRCP 26(f)(1):** The parties each served their initial disclosures on or about August 15, 2008.

## DISCOVERY PLAN

**Topics of Discovery – FRCP 26(f)(2):** Plaintiff intends to conduct discovery in accordance with FRCP 26(b). Defendants reserve the right to conduct discovery regarding Plaintiff's application for and/or receipt of collateral source benefits subject

to integration as offsets against the monthly benefits claimed, as permitted by the subject ERISA plan, if this information cannot be obtained informally.

Both parties reserve the right to object to the discovery as being impermissible under ERISA.

Other than the discovery contemplated above, the parties do not suggest additional discovery limitations.

The parties agree the discovery need not be conducted in phases.

## CLASS ACTIONS

Not applicable.

## RELATED CASES

There are no related cases or proceedings pending before another judge of the court or before another court or administrative body.

## RELIEF

Ms. Rivers seeks recovery of disability benefits under the Plan pursuant to 29 USC § 1132(a)(1)(B) and pre- and post-judgment interest. She also seeks injunctive relief and the imposition of an equitable surcharge on Prudential's account pursuant to 29 USC § 1132(a)(3). She also seeks reasonable attorneys fees pursuant to 29 USC § 1132(g). Defendants seek judgment in their favor on all claims and reserve the right to seek fees under 29 USC § 1132(g).

## SETTLEMENT AND ADR

The parties believe settlement discussions could be productive, and suggest a referral to mediation.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings.

## OTHER REFERENCES

The parties do not consider this matter to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

None at this time.  The parties will continue to consider, and meet and confer on any issues that arise which may streamline trial of this matter.

## EXPEDITED SCHEDULE

The parties do not believe the case could be practicably expedited beyond the typical time frame for resolution of cases involving disputed entitlement to ERISA benefits.

## SCHEUDLING

The parties do not anticipate expert testimony, and therefore do not request a schedule for designation of experts or expert discovery.  The parties request a trial date within one year of the filing of the complaint, which was filed May 2, 2008.  The parties request that all other deadlines be set in accordance with this court's custom and practice.

## TRIAL

Plaintiff anticipates a bench trial, or alternatively cross-motions for summary judgment or for judgment under Rule 52, the hearing for which should be completed within one day. Defendants contend the streamlined procedures applicable in an ERISA trial should apply. An ERISA trial does not involve the normal parameters of a typical trial. See *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-1095 (9th Cir. 1999) (*en banc*). The parties agree trial is not by jury, but to the bench. Defendants do not anticipate calling live witnesses or experts, and any testimonial evidence submitted will be in the form of declarations. The only documentary evidence presented will be the Administrative Record. Defendants contend the matter should be decided on the parties' trial briefs, Administrative Record, oral argument and any additional evidence which may be permitted. Defendants request the simultaneous exchange of opening trial briefs followed by responding trial briefs for this matter. *Kearney, supra,* 175 F.3d at 1090.

The parties agree the pretrial filings normally required, such as pretrial conference statements, are unnecessary. The parties specifically request a waiver of the Rule 16 pretrial conference and related pretrial requirements, pursuant to Ninth Circuit precedent.

## DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS

The parties are not aware of any other non-party interested entity or person.

| | | |
|---|---|---|
| 1 | DATED: August 15, 2008 | BARGER & WOLEN LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ *Sara A. Maunder*<br>ROBERT J. MCKENNON<br>SARA A. MAUNDER |
| 5 | | Attorneys for Defendants<br>The Prudential Insurance Company |
| 6 | | of America and Aon Corporation<br>Long Term Disability Plan |
| 7 | | |
| 8 | DATED: August 15, 2008 | RICHARD JOHNSTON |
| 9 | | |
| 10 | | By: /s/ *Richard Johnston*<br>RICHARD JOHNSTON |
| 11 | | Attorneys for Plaintiff<br>Kim Rivers |

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

-7-

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 19800 MacArthur Boulevard, Suite 800, Irvine, California 92612-2427.

On **August 15, 2008**, I served the foregoing document(s) described as **JOINT REPORT PURSUANT TO FRCP 26(f)** on the interested parties in this action by causing it to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document on individual(s) listed below:

Richard Johnston                                        Attorneys for Plaintiff
131-A Stony Circle, Suite 500                           Kim Rivers
Santa Rosa, California 95401
Telephone: (707) 577-7422
Facsimile: (707) 837-9532

[X]  **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Irvine, California on **August 15, 2008**.

NAME: Derek Sutter

_____
(Signature)

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

-8-