**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM RIVERS, | No. C-08-2298 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; VACATING HEARING** |
| v. | |
| AON CORPORATION, et al., | |
| Defendants / | |

Before the Court is plaintiff Kim Rivers's ("Rivers") Motion for Partial Summary Judgment, filed January 24, 2009. Defendants AON Corporation Long Term Disability Plan ("the Plan") and Prudential Insurance Company of America ("Prudential") have filed opposition, to which Rivers has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for March 6, 2009, and rules as follows.[1]

By the instant motion, Rivers seeks summary judgment in her favor as to the First Cause of Action, by which she seeks an award of disability benefits. In support of said

---

[1] The parties' "Stipulation for Counsel to Appear by Telephone at Hearing on Plaintiff's Motion for Partial Summary Judgment," filed March 2, 2009, is DENIED as moot. For future reference, the parties are informed that although the Court may conduct case management conferences telephonically, the Court does not hear noticed motions telephonically.

motion, Rivers argues Prudential was in privity with Rivers for purposes of a proceeding instituted by Rivers, by which she sought an award of disability benefits from the Social Security Administration ("SSA") and, as a consequence, River asserts, factual statements made to the SSA by Rivers's social security consultant are binding on Prudential in the instant action.  Rivers further argues that such statements, as binding on Prudential herein, compel a finding that Rivers is disabled within the meaning of the Plan and entitled to benefits thereunder.[2]

The Court finds Rivers has failed to show, either as a matter of law or fact, that she and Prudential were in privity for purposes of River's SSA proceedings.  The cases on which Rivers relies are distinguishable.  See, e.g., Taylor v. Sturgell, 128 S. Ct. 2161, 2172 (2008) (citing principle that "nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationships [such as] preceding and succeeding owners of property, bailee and bailor, and assignee and assignor") (internal quotation and citation omitted); Bernhard v. Bank of America Nat'l Trust & Saving Ass'n, 19 Cal.2d 807, 811 (1942) (citing principle that "privy" is "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through one or under one of the parties, as by inheritance, succession, or purchase"); Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1176-77 (C.D. Cal. 2008) (holding beneficiaries of decedent's will were in privity with executor of estate and, consequently, were bound by decision rendered in tax proceeding brought by executor in his capacity as executor).

To the extent Rivers argues Prudential was in privity with her because Prudential reduced her Plan benefits by the amount of benefits she obtained from the SSA, Rivers fares no better.  As defendants have explained, Prudential was entitled, under the provisions of the Plan, to reduce the amount of Plan benefits paid to Rivers, based on an

---

[2]According to Rivers, Prudential, because it was in "privity" with Rivers for purposes of the SSA proceedings, should be "judicially estopped from denying that she is disabled." (See Pl.'s Mot. at 2:8-10.)

estimate of any judgment Rivers might obtain from the SSA, even before she applied for benefits from the SSA and even if she chose not to apply for benefits from the SSA. (See Williams Decl. Ex. 1 at PRU-RIV at 1510-11 (providing Prudential may "estimate" benefits beneficiary may obtain from SSA and "offset" plan benefits by said estimate, even if beneficiary does not apply for SSA benefits).) In other words, Prudential's right to an offset was not dependent on Rivers filing an application for Social Security benefits and obtaining a judgment in her favor from the SSA and, consequently, Rivers has failed to show she was holding the SSA benefits in a "constructive trust" in favor of Prudential. Cf. Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 360, 363 (2006) (finding "constructive trust or equitable lien" to proceeds of personal injury settlement with third-party tortfeasor, where plan administrator paid medical expenses incurred as result of subject automobile accident).[3]

Accordingly, Rivers's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 3, 2009

MAXINE M. CHESNEY
United States District Judge

---

[3] A number of courts have addressed the effect of a plan administrator's having encouraged a claimant to apply for Social Security benefits and/or having reduced the amount of plan benefits where Social Security benefits have been awarded. Although such circumstances have been found to be relevant with respect to the issue of whether the plan administrator abused its discretion in denying a claim for benefits, see, e.g., Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2350-52 (2008), those circumstances have not been found to preclude, as a matter of law, a defendant from contesting disability. As Rivers points out, however, the specific argument raised by Rivers herein has not been raised earlier.